W. H. BALDOCK *v.* JANE RICHARDSON, ET AL.

WILLIAM DODD *v.* SAME.

[Abstract Kentucky Law Reporter, Vol. 1—359.]

**Wills—Construction of Will.**

> Where a testator gave the residue of his estate after the payment of his debts and the payment of certain legacies to his wife during her life, and directed that at her death all he had received by her should go to her children, and the "balance of his estate, if any be left at her death, to be equally divided between his own brothers and sisters," the word "balance" means that which shall remain after deducting that which he gives to his wife's children. The widow was given only a life estate in the land, and the remainder can not be subjected to her debts.

APPEALS FROM GARRARD CIRCUIT COURT.

October 30, 1880.

OPINION BY JUDGE COFER:

The testator gave the residue of his estate remaining after the payment of his debts and the legacies to Mrs. Hicks and her brother, Israel, to his wife during life, and directed that at her death all he had received by her should go to her children, and the "balance of his estate, if any be left at her death, to be equally divided between his own brothers and sisters."

The "balance" referred to in that part of the clause quoted is that which shall remain after deducting that which he gives to his wife's children. It is as if he had said: "Out of the residue of my estate remaining at my wife's death, I give her children all I received by her, and the residue of my estate, if any, to be equally divided between

my brothers and sister." The widow has only a life estate in the
land, and the remainder cannot be subjected to her debts.

There is nothing in the opinion in *Taylor v. Byers* inconsistent
with this conclusion. The question in that case was not what estate
the widow took, but was whether the devisees in remainder took a
vested or contingent estate. In this case the testator had 'consider-
able surplus personal estate and a number of slaves, all of which he
gave to his wife for life. This, in the then condition of affairs, would
have given his widow an ample support, and goes far to fortify the
conclusion that he did not intend that his real estate should be sold
or encumbered for her support, and is sufficient to distinguish this
from the case of *Logan v. Smith,* 2 A. K. Marsh. 52.

Judgments *affirmed.*

*Dunlap & Dunlap, for appellants.*